# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:03CR92

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| MONRAIL LASHUN MADDOX ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons stated herein, Defendant's motion is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

In October 2003, Defendant was charged with violating 18 U.S.C. §922(g), which prohibits the transportation or possession of firearms by convicted felons. **Indictment, filed October 7, 2003, at 1.** He chose to plead guilty, and the Court accepted his plea on May 11, 2004. **Rule 11 Inquiry and Order of Acceptance of Unwritten Plea, filed May 11, 2004.** He was sentenced by the undersigned on September 2, 2004, to a term of

90 months imprisonment, to be followed by 2 years supervised release. **Judgment in a Criminal Case, filed September 10, 2004, at 2-3.** The Defendant filed an appeal and the Fourth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Maddox*, 124 F. App'x 206 (4th Cir. 2005). Thereafter, Defendant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, but later withdrew it before the Court had an opportunity to rule on the merits. **Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 15, 2006; Petitioner's Motion to Withdraw 28 U.S.C. Section 2255 Motion to Vacate, Set Aside or Correct Sentence, filed February 12, 2007; Order of Dismissal, filed February 15, 2007.** Defendant then filed this motion, seeking amendment of his sentence. **Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), filed May 1, 2008.**

## II. ANALYSIS

Title 18, United States Code, Section 3582 provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant . . . the court may reduce the term of

imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**18 U.S.C. § 3582(c)(2).** In this case, Defendant asks the Court to reduce his term of imprisonment, based on a recent amendment to the United States Sentencing Guidelines ("Guidelines") that modifies the method of calculating a defendant's criminal history score in certain respects. A careful review of Defendant's Presentence Investigation Report ("PSR"), however, reveals that the amendment does not affect Defendant's sentence.

Defendant was sentenced under the Guidelines in effect as of November 1, 2003. The Guidelines provided – and still provide – that, in cases involving the unlawful receipt, possession, or transportation of firearms and ammunition, "[the defendant's base offense level shall be] 24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[.]" **U.S.S.G. § 2K2.1(a)(2).**

According to his PSR, prior to the instant offense Defendant had sustained at least two felony convictions for crimes of violence. **Presentence Investigation Report, revised August 10, 2004, at 4.**

These two crimes were (1) attempted assault with a deadly weapon inflicting serious injury, for which he was arrested on August 27, 2000, and convicted on February 6, 2001; and (2) common law robbery, for which he was arrested on January 18, 2001, and convicted on February 8, 2001. *Id.* **at 7.** Based on these convictions and § 2K2.1(a)(2), the PSR recommended that Defendant's base offense level should be 24 and that he receive a 3-point reduction of this level due to his acceptance of responsibility and the timely entry of his guilty plea, in accordance with Guideline § 3E1.1(a) and (b). *Id.* **at 4-5.** The Court took these recommendations into account in deciding on Defendant's final sentence of 90 months. **See Judgment,** *supra***, at 2.** Defendant now contends that, under the recent amendment to the Guidelines (Amendment 709), his base offense level should be 20 instead of 24. **Motion to Reduce Sentence,** *supra***, at 2.** Defendant also requests that the Court appoint counsel to assist him in "determin[ing] exactly what sentence [Defendant] should have received." *Id.* **at 6.**

The United States Sentencing Commission recently adopted Amendment 709, which became effective November 1, 2007. This amendment addressed the computation of criminal history scores in two

areas: (1) the counting of multiple prior sentences as "single" or "separate" sentences and (2) the counting of certain misdemeanor or petty offenses subject to a probationary term. **See United States Sentencing Guidelines Manual, Supp. to App. C, Amendment 709, at 235-41.** With respect to the first change – the counting of multiple prior sentences – another district court recently described the effects of Amendment 709 as follows:

> Pursuant to [Amendment 709], a court must count prior sentences as "separate" sentences when there is an intervening arrest, i.e., the defendant is arrested for the first offense prior to committing the second offense. If there was not an intervening arrest, the prior sentences are still counted as "separate" sentences unless the sentences were for offenses that were named in the same charging document or the sentences were imposed on the same day. This amendment effectively eliminated the requirement imposed by some circuit courts . . . that there be a formal order of consolidation for sentencing before the prior sentences could be considered a single sentence.

**United States v. Ferneau, No. 1:03-cr-046, slip op. at 3 (D.N.D. April 8, 2008).** With respect to the second change – the counting of misdemeanor or petty offenses – the *Ferneau* court noted:

> [M]isdemeanor or petty offenses listed in [United States Sentencing Guideline] § 4A1.2(c)(1) are counted in the criminal history score only if the sentencing court imposed at least thirty days imprisonment or "more than" one year of probation. Previously, these types of misdemeanor offenses were counted

if the sentencing court imposed at least thirty days imprisonment <u>or</u> "at least" one year of probation.

*Id.* **at 4.**

In this case, as an initial matter, the changes wrought by Amendment 709 affect only criminal history scores, not base offense levels as Defendant argues. Furthermore, § 3582 allows the Court to reduce a sentence only if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." Here, the applicable policy statement indicates that courts should not apply Amendment 709 retroactively to cases, such as Defendant's, wherein sentencing occurred before November 1, 2007. ***See* United States Sentencing Guidelines, Supp. to 2007 Supp. to App. C, Revised § 1B1.10(a)(2)(A)-(B), (c) (March 3, 2008) (listing amendments made retroactive and omitting Amendment 709).** For these reasons, Defendant's motion for reduction of sentence is without merit and is denied and his request for appointed counsel is denied as moot.

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for appointed counsel is **DENIED** as moot.

7

Signed: July 11, 2008

*[signature]*

Lacy H. Thornburg
United States District Judge